The People of the State of New York, Respondent, *v.* Joseph Coffey, Appellant.

First Department, July 6, 1961.

*Alfred I. Rosner* for appellant.

*H. Richard Uviller* of counsel (*Frank S. Hogan, District Attorney*), for respondent.

Steuer, J. Defendant has been convicted of the crime of burglary in the third degree after a complete and fair trial. We are all in accord that his guilt was clearly established. Although he has raised numerous questions on this appeal, there is only one that merits discussion; and while there is

dissent from the opinion of the majority that no error was involved, the dissent concedes that the error, in the light of the remaining testimony, was immaterial.

Briefly stated, the crime committed by defendant and another was the breaking of a display window of the store of Cartier's, a prominent jeweler, and taking of some 31 rings. It occurred just before 4 o'clock on the morning of June 25, 1960. The sole eyewitness to the taking was one Conrad Nilsson, a watchman for Cartier's, who was stationed within the store and saw the defendant through the window. The defendant escaped and was not apprehended until some time later.

Nilsson's identification of the defendant at the trial was challenged and he was extensively cross-examined on the subject. The tenor of the cross-examination was that Nilsson did not see and could not have identified the defendant at the time, and that his identification in court must have been the result of a fabrication made up sometime in the interval between the act and the trial. In fact, this purpose was expressly avowed by defendant's counsel. Such an attack gives the People the right to refute the claim by showing a consistent attitude in regard to the testimony challenged. Such an attitude can be shown by independent witnesses (*People* v. *Singer*, 300 N. Y. 120). Of course, such testimony is not primary proof and only goes to bolster the credibility of the identifying witness. This was made perfectly clear in the charge of the learned court and no question in regard to it can be raised.

The nature of this sustaining evidence is, however, novel, and the novelty, rather than any departure from accepted principles, is what poses the question. A detective who was a competent artist was called to the stand. He testified that some six days after the burglary the witness Nilsson described to him the face and features of the man he saw. The detective, Richard Kenehan, showed the witness various drawings of facial outlines and the witness selected the one nearest to his recollection of the man he saw at the scene of the crime. The same was done with sketches of hair and the feature of the face. At times the witness directed the officer to make certain changes. When a feature was acceptable to the witness, it was incorporated in what is called a composite sketch. When all the features were included, the sketch was completed. This sketch was received in evidence. It was not received as a picture of defendant but as what Nilsson described as the man he saw at the scene. It was an additional form of description, certainly more graphic than words and possibly more dramatic. Whether

it in fact corroborated Nilsson's testimony would be for the jury to say.

The judgment of conviction should be affirmed.

STEVENS, J. (concurring in result). I concur in the result only. In the view I take of the case the admission of the sketch under the circumstances here and in light of the record was error. However, in my view the error committed was harmless. Accordingly, I vote to affirm.

BREITEL, J. P., VALENTE and BASTOW, JJ., concur with STEUER, J.; STEVENS, J., concurs in result in a memorandum.

Judgment of conviction unanimously affirmed.